USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  __11/7/2023_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PENSION BENEFIT GUARANTY
CORPORATION,

                                  Plaintiff,

                -against-

GALICIA,

                                  Defendant.

**1:23-cv-04633 (ALC)**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Pension Benefit Guaranty Corporation ("Plaintiff") brings this action as a statutory

trustee of the Avocado Inc. Defined Benefit Plan ("Plan") under Title VI of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. §§ 1301-1461 (2018 & Supp III

2021), to recover losses suffered by the Plan as a result of the Defendant Kristyan Galicia's

("Defendant" or "Galicia") violations of his ERISA fiduciary duties.  *See* Compl. ECF No. 1.  After

Plaintiff obtained a Certificate of Default from the Clerk of the Court, they made the instant motion

for default judgment against Defendant.  *See* ECF Nos. 16, 19.  For the following reasons, Plaintiff's

motion for default judgment is **GRANTED**.

<h2 style="text-align:center">BACKGROUND</h2>

**I.    Factual Background**

Plaintiff is an agency of the United States established to administer and enforce the nation's

defined benefit pension plan termination insurance program under 29 U.S.C. § 1302(a).  Compl.,

ECF No. 1 ¶ 5.  Where a benefit pension plan covered under Title VI closes unable to pay out all

benefits to beneficiaries, Plaintiff becomes statutory trustee of the plan and pays benefits out up to

the statutory limit.  *Id.*

Defendant, a natural person residing in New Windsor, New York, was a trustee and beneficiary of the Avocado, Inc. Pension Plan and exercised discretionary authority and control regarding management or disposition of the Plan's assets. *Id.* at ¶ 8. Defendant was, at all relevant times the 100% owner of Avocado, the Plan employer. *Id.* at ¶¶ 10, 34-35. In January 2019, Defendant made several withdrawals of Plan assets such that, upon termination, the Plan had insufficient assets to cover total benefits owed to participants and beneficiaries. *Id.* at ¶¶ 14, 16-17. The Plan's shortfall totaled $37,500. *Id.* at ¶ 18.

## II.   Procedural History

Plaintiff initiated this action on June 1, 2023, alleging that Defendant failed to uphold several of his statutory fiduciary obligations and engaged in prohibited transactions of Plan funds. Compl ¶¶ 19-49. Plaintiff properly served the Defendant on June 13, 20223. ECF No. 8. Defendant's answer was due on June 28, 2023. *Id.* On August 15, 2023, the Clerk of the Court entered a Certificate of Default to indicate that Defendant had not filed an answer or otherwise moved with respect to Plaintiff's complaint. ECF No. 16. Having received a Certificate of Default from the Clerk of the Court, Plaintiff moved for default judgment against Defendant on September 22, 2023. ECF No. 19. The Court then issued an Order to Show Cause directing Plaintiff to serve a copy of that Order on Defendant no later than October 11, 2023, and ordering Defendant to show cause in writing, by October 27, 2023, as to why an Order entering default judgment should not be issued, pursuant to Rule 55 of the Federal Rules of Civil Procedure. ECF No. 25. Defendant was clearly warned that failure to comply with the Order to Show Cause would result in a default judgment against them. Defendant failed to respond. On October 27, 2023, Plaintiff served the Order to Show

cause and the papers upon which it was based on Defendant.  *See* Certificate of Service, ECF No. 28.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a); Local Civil Rule 55.1.  Second, after a certificate of default has been entered by the Clerk, the court, on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations.  Fed. R. Civ. P. 8(b)(6) ("An allegation–other than the one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied.").  However, a district court "need not agree that the alleged facts constitute a valid cause of action."  *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather, the Second Circuit of Appeals has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'"  *Mickalis Pawn Shop*, 645 F.3d at 137 (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).  In making this determination, the court draws all reasonable inferences in the plaintiff's favor. *Au Bon Pain*, 653 F.2d at 65.

Additionally, "while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted).

## DISCUSSION

In light of Defendant's default, the Court accepts as true the well-pleaded allegations in the Complaint, with the exception of those allegations relating to damages. *See Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC*, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("When the Court enters a default judgment, as regards liability it must accept as true all of the factual allegations of the complaint, but the amount of damages are not deemed true.") (internal citations, alterations, and quotation marks omitted).

### I.   Violation of Fiduciary Obligations

29 U.S.C. § 1104(a)(1)(A) states that an ERISA fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."  29 U.S.C. § 1104(a)(1)(B) also states that an ERISA fiduciary must "discharge his duties with respect to a plan . . . (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a likely character and with like aims."

4

Here, Plaintiff alleges that Defendant, as a trustee, was a fiduciary of the Plan as defined at 29 U.S.C. § 1002(21) and violated these statutory obligations by causing the Plan to transfer assets to a corporate entity that Defendant was the sole owner of.  *See* Compl. ¶¶ 8-9, 22-23, 26-28.  The transfer of Plan assets to Defendant's corporate account was "not to pay benefits or to pay expenses of the Plan and was not in the sole interest of the participants and beneficiaries" and rather "inured to [Defendant's] benefit."  ECF No. 20 at 5.  Such conduct constitutes a breach of the fiduciary duty of loyalty under § 1104(a)(1)(A) as well as the fiduciary duty of prudence under § 1104(a)(1)(B) and Defendant is personally liable to the Plan under 29 U.S.C. § 1109 for these losses.

## II.    Prohibited Transactions

29 U.S.C. §§ 1106(a)(1)(B) and (D) bar plan fiduciaries from engaging in transactions that constitute a direct or indirect lending of money or extension of credit or transfer between or to the plan and a party in interest except as provided in 29 U.S.C. § 1108.  Avocado, as the Plan administrator and employer was a "party in interest" as defined under 29 U.S.C. § 1002(14) *et seq*. Compl. at ¶¶ 34-35.  29 U.S.C. § 1106(b)(1) bars a fiduciary from "deal[ing] with the assets of the plan in his own interest or for his own account" except as provided in 29 U.S.C. § 1108.

Here, Defendant's transfer of Plan assets to Avocado, a party in interest, without a qualifying § 1108 exception violated 29 U.S.C. §§ 1106(a)(1)(B) and (D).  Additionally, Defendant's transfer of Plan assets to a corporate entity in which he is sole owner constituted a transfer "in his own interest" under 29 U.S.C. § 1106(b)(1) with no qualifying § 1108 exception.  Defendant is personally liable to the Plan under 29 U.S.C. § 1109 for these losses.

## III.    Co-Fiduciary Liability

29 U.S.C. § 1105 states that a plan fiduciary is liable for the breach of another fiduciary when (1) the fiduciary "participated knowingly in, or knowingly undertakes to conceal, an act or omission" of his co-fiduciary, "knowing such act or omission is a breach;" (2) if, by his failure to comply with the general fiduciary standards in 29 U.S.C. § 1105(a)(1) in the administration of the plan, he enabled the co-fiduciary to commit a breach; or (3) he knew of his co-fiduciary's breach but took no "reasonable efforts" to remedy the breach.

Where Defendant's co-fiduciary caused any portion of the suspect asset transfers, Defendant is liable under § 1105 and is personally liable under § 1109(a) for all losses suffered by the Plan.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for Default Judgment as to liability is **GRANTED**.

**SO ORDERED.**

Dated:    **November 7, 2023**
          **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

6